# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **RODNEY MILLER,** | ) | |
| Plaintiff, | ) | |
| | ) | **Case No: _____** |
| v. | ) | |
| **HAWKINS COUNTY BOARD OF** | ) | |
| **EDUCATION, HAWKINS** | ) | JURY TRIAL DEMAND |
| **COUNTY SCHOOLS,** | ) | |
| **ALEXIS LAINEY, MATT HIXSON** | ) | |
| **HAWKINS COUNTY SHERIFF'S** | ) | |
| **OFFICE, HAWKINS COUNTY, STATE** | ) | |
| **Of TENNESSEE, b/n/f OFFICE OF THE** | ) | |
| **ATTORNEY GENERAL d/b/a** *The Third* | ) | |
| *Judicial District Attorney General* | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, R.M., by and through undersigned counsel, and for his Complaint against the above-named Defendants respectfully states and alleges as follows:

### I. JURISDICTION AND VENUE

1.      This action arises under the Constitution and laws of the United States, including but not limited to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 1985, and 1988 as well as supplemental claims under Tennessee common law.

2.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights). Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to these claims occurred within Hawkins County, Tennessee, which lies within the Eastern District of Tennessee.

4.     Plaintiff seeks damages for violations of his constitutional and civil rights, including those arising from unlawful search and seizure, false citation, malicious prosecution, false imprisonment, abuse of process, fabrication of evidence, and the improper use of juvenile court proceedings by state actors who acted beyond the scope of their lawful authority.

5.     The Defendants named herein are subject to the personal jurisdiction of this Court as they reside, conduct official duties, or committed acts within this District.

6.     Plaintiff also seeks to invoke the equitable and remedial powers of this Court, including declaratory and injunctive relief, to redress the ongoing harm caused by the misuse of juvenile court process to pursue civil regulatory citations, and to deter future unconstitutional conduct by Defendants and similarly situated governmental actors.

## II. PARTIES

7.     Plaintiff R.M. is a private citizen residing in Hawkins County, Tennessee. He was a minor at the time of the acts and omissions described herein but has since reached the age of majority and brings this action in his individual capacity.

8.     Defendant Hawkins County, Tennessee is a governmental entity organized under the laws of the State of Tennessee and is responsible for the actions, policies, and oversight of the Hawkins County Sheriff's Office and other county departments, including the appointment and supervision of School Resource Officers (SROs). It is a "person" under 42 U.S.C. § 1983 and may be sued for constitutional violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

9.     Defendant Hawkins County Sheriff's Office is an agency and subdivision of Hawkins County responsible for law enforcement within the county, including the training, supervision, and conduct of deputies and SROs, including Deputy Alexis Lainey. Though not an

independent suable entity, it is named herein to clarify the scope of official capacity liability asserted against the County.

10.     Defendant Alexis Lainey is and was at all relevant times a sworn deputy sheriff employed by the Hawkins County Sheriff's Office, assigned to serve as a School Resource Officer. She acted under color of law and within the scope of her employment in all acts complained of herein. She is sued in both her individual and official capacities.

11.     Defendant Hawkins County Board Of Education is a local educational authority created under Tennessee law. It is responsible for establishing and enforcing policies governing public schools in Hawkins County and for overseeing School Resource Officer conduct, discipline procedures, and student rights within the school system. The Board is a suable entity under 42 U.S.C. § 1983 and state law.

12.     Defendant Matt Hixson is the Director of Schools for Hawkins County and is sued in his individual and official capacity as the executive responsible for the policies, coordination, and oversight of educational administration, including coordination with law enforcement in public schools.

13.     Defendant State of Tennessee, by and through the Office of the Attorney General and Reporter, doing business as the Third Judicial District Attorney General's Office, is named solely for purposes of injunctive and declaratory relief. The Attorney General's Office is responsible for overseeing the conduct of district attorneys throughout the State, including prosecutorial authority exercised by the Third Judicial District Attorney General in Hawkins County. The State is sued under *Ex parte Young*, 209 U.S. 123 (1908), to prevent future unauthorized prosecutions by state actors acting beyond their statutory jurisdiction.

14.     Defendant Hawkins County, Tennessee is also named in its capacity as the entity responsible for the administration, funding, and operational support of the juvenile courts located within its jurisdiction, including the assignment of facilities, personnel, and clerical resources. Plaintiff seeks injunctive relief against Hawkins County to prohibit the misuse of juvenile court resources for the prosecution of non-delinquent, non-unruly, civil regulatory offenses, including violations of T.C.A. § 39-17-1505, for which juvenile jurisdiction does not exist under Tennessee law.

### III. FACTUAL BACKGROUND

15.     At the time of the events described herein, Plaintiff R.M. was a minor enrolled in the Hawkins County public school system. He had no prior juvenile record and was not the subject of any criminal or delinquent investigation.

16.     On or about a date to be determined at trial, Defendant Alexis Lainey, a deputy sheriff employed by the Hawkins County Sheriff's Office and assigned as a School Resource Officer (SRO), unlawfully seized, searched, arrested, detained, falsely imprisoned, assaulted, battered, and issued a citation to Plaintiff R.M. alleging a violation of Tennessee Code Annotated § 39-17-1505 — the Prevention of Youth Access to Tobacco, Smoking Hemp, and Vapor Products Act.

17.     The cited offense was not criminal in nature, nor did it constitute a "delinquent" or "unruly" act as defined by T.C.A. § 37-1-102. It was a civil regulatory violation punishable, at most, by a nominal fine or assignment of community service.

18.     Despite the plainly civil character of the statute, Defendant Lainey submitted the citation through the Hawkins County Juvenile Court, initiating formal proceedings under Title 37 of the Tennessee Code without statutory authority or jurisdiction.

19.     Under Tennessee law, juvenile courts possess limited and enumerated subject matter jurisdiction. That authority does not include civil regulatory infractions unless the conduct qualifies as delinquent (i.e., criminal if committed by an adult) or unruly (as specifically defined by statute). T.C.A. § 37-1-103.

20.     T.C.A. § 39-17-1505 is not classified as a criminal statute. It does not constitute a delinquent or unruly act. It is regulatory in nature and provides for civil fines and limited remedies.

21.     Upon information and belief, the citation issued by Defendant Lainey was improperly forwarded to and docketed in juvenile court without any lawful basis for jurisdiction.

22.     The Hawkins County Juvenile Court proceeded to exercise authority over the matter, issuing notices, initiating proceedings, and placing R.M. under court supervision, despite lacking statutory subject matter jurisdiction to hear the case.

23.     Upon further review of the statutory basis for the charge, counsel for R.M. filed a motion to dismiss for lack of jurisdiction, asserting that the juvenile court had no power to adjudicate the alleged offense under Title 37 or any other applicable law.

24.     The motion laid out that the Tennessee General Assembly did not authorize juvenile courts to exercise jurisdiction over civil citations issued under T.C.A. § 39-17-1505. The act expressly provides that such violations are regulatory in nature and not criminal offenses.

25.     In addition, Plaintiff's counsel contended that the prosecution of the charge by the District Attorney General's Office was also ultra vires. District Attorneys in Tennessee are not authorized by statute or constitutional provision to prosecute civil regulatory infractions in juvenile court. Their duties are confined to criminal matters.

26.     Despite being made aware of these legal defects, no Defendant — including Deputy Lainey, the Hawkins County Sheriff's Office, the Hawkins County Board of Education, or the

Third Judicial District Attorney General's Office — took corrective action to halt the proceedings or to prevent future similar abuses.

27.     As a result of Defendants' actions and omissions, Plaintiff was subjected to an unlawful prosecution, deprived of his liberty, compelled to appear before a court lacking jurisdiction, and publicly labeled as a juvenile offender for conduct that was not criminal under Tennessee law.

28.     Plaintiff's school records, juvenile file, and court docket entries reflect the existence of an unlawful prosecution, which continues to cause reputational harm and emotional distress.

29.     The policies, customs, or failures to act by Hawkins County, the Sheriff's Office, the Board of Education, and the Attorney General's Office created and perpetuated the systemic misuse of juvenile court jurisdiction to pursue regulatory infractions against students in violation of constitutional protections.

## COUNT I
## 42 U.S.C. § 1983
## VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS
*(Against Deputy Alexis Lainey in her individual and official capacity, Hawkins County, Hawkins County Sheriff's Office, and the Hawkins County Board of Education)*

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31.     At all relevant times, Defendant Alexis Lainey acted under color of state law and within the scope of her authority as a deputy sheriff and School Resource Officer (SRO) assigned to a Hawkins County public school.

32.     On or about the date of the incident, Defendant Lainey fabricated a purported judicial citation against Plaintiff R.M., accusing him of violating T.C.A. § 39-17-1505 — a civil regulatory statute concerning the possession of vapor products by minors.

33.     Rather than relying on a legally authorized citation process established by the Administrative Office of the Courts (AOC) or any other governing judicial authority, Defendant Lainey took it upon herself to create her own citation form using a law enforcement software platform. This form was not authorized by the Tennessee Rules of Juvenile Procedure or by any administrative directive of the judiciary.

34.     The citation, created wholly outside of approved process, contained language and directives requiring a mandatory court appearance and was presented to R.M. and his family as if it carried the force of a lawful judicial summons.

35.     This rogue citation bypassed judicial safeguards, failed to comply with any lawful charging instrument requirements, and functioned as a fraudulent gateway to initiate illegal proceedings against a minor in a court lacking subject matter jurisdiction.

36.     Defendant Lainey, acting unilaterally and without legal oversight, compelled Plaintiff to answer to an unlawful process — subjecting him to court intervention, reputation harm, and procedural entanglement — all without a shred of lawful authority.

37.     The conduct was not a good-faith mistake. It was carried out intentionally, with full knowledge that the citation form had not been approved by the judiciary and that the statute in question (T.C.A. § 39-17-1505) did not fall within the jurisdiction of juvenile court.

38.     This invented process demonstrates a fundamental breakdown in the constitutional function of law enforcement and judicial access. Defendant Lainey's actions constituted a direct violation of clearly established rights under the Fourteenth Amendment, including Plaintiff's right not to be subjected to judicial proceedings absent lawful process or jurisdiction.

39.    The citation was processed and accepted by the Hawkins County Juvenile Court, which initiated proceedings based on this falsified and unauthorized form, thereby entangling Plaintiff in an unlawful prosecution that had no basis in law or procedure.

40.    Defendant Lainey's actions were ratified — either explicitly or tacitly — by the Hawkins County Sheriff's Office and the Hawkins County Board of Education, both of which permitted this extra-judicial prosecution system to exist and failed to intervene.

41.    The creation, use, and judicial transmission of a fabricated charging document not approved by the AOC represents an outrageous, systemic violation of constitutional process, deeply offensive to principles of legal accountability and fair notice.

42.    As a direct and proximate result of this misconduct, Plaintiff suffered significant harm, including reputational damage, emotional distress, psychological trauma, and public embarrassment. He was labeled a juvenile offender under color of law despite no legally cognizable offense.

43.    Plaintiff is entitled to compensatory damages, punitive damages against Defendant Lainey in her individual capacity, and declaratory relief prohibiting such extra-legal practices from recurring.

**COUNT II**
**42 U.S.C. § 1983**
**UNLAWFUL SEARCH AND SEIZURE**
*(Against Deputy Alexis Lainey in her individual and official capacity, Hawkins County, and the*
*Hawkins County Sheriff's Office)*

44.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures and prohibits state actors from unlawfully detaining or seizing persons without legal justification.

46.     On the date in question, while acting under color of state law, Defendant Alexis Lainey seized Plaintiff R.M. within the meaning of the Fourth Amendment by stopping him in a custodial school setting, interrogating him without legal cause, and physically restraining or detaining him for the purpose of issuing a fraudulent citation.

47.     Defendant Lainey conducted a search of R.M.'s person and belongings without a warrant, probable cause, or exigent circumstances, and without lawful authority under Tennessee or federal law. Upon information and belief, this search included an inspection or confiscation of Plaintiff's personal effects, including his bookbag and electronic devices.

48.     No criminal act had been committed. The alleged infraction — possession of a vapor product — was a civil regulatory violation that did not authorize custodial detention or investigative seizure under Tennessee law or under the Fourth Amendment.

49.     The seizure of Plaintiff's person and property, and the resulting deprivation of his liberty, were unreasonable, excessive, and carried out in violation of clearly established law.

50.     At no time did Defendant Lainey have a warrant, a juvenile petition approved by a magistrate, or any judicially issued process authorizing her to detain or compel R.M. to answer for the alleged conduct. The search and seizure were extrajudicial acts disguised as legitimate enforcement.

51.     Further, the issuance of the unauthorized, computer-generated citation — and the command that R.M. appear in court under threat of further consequences — constituted an

additional seizure under the Fourth Amendment. It compelled his appearance before a judicial authority with no jurisdiction and served as an extension of an unlawful state detention.

52.     Lainey's conduct violated not only the federal constitution but also state law, which places strict limits on the authority of law enforcement to engage in custodial detentions of minors absent probable cause and judicial oversight.

53.     At all relevant times, Defendant Lainey was acting pursuant to the customs, policies, and failures of supervision by the Hawkins County Sheriff's Office and the County itself, which tolerated, encouraged, or deliberately ignored the pattern of SROs engaging in illegal searches, fabricating citations, and compelling students into juvenile court process without lawful basis.

54.     The Sheriff's Office failed to train its deputies — including Lainey — on the legal limits of juvenile court jurisdiction, the distinction between criminal and regulatory law, the lawful issuance of citations, and the constitutional limitations on student searches and seizures.

55.     Defendant Lainey's conduct was not objectively reasonable under clearly established law. A reasonable law enforcement officer would have known that (a) the conduct alleged did not rise to the level of a criminal or delinquent offense; (b) no seizure or citation could lawfully issue in the absence of judicial approval; and (c) school-based seizures of minors implicate heightened constitutional protections.

56.     As a direct and proximate result of this unlawful search and seizure, Plaintiff was subjected to physical and emotional intrusion, reputational damage, psychological distress, and the indignity of being treated as a criminal for conduct that did not legally justify law enforcement intervention or court oversight.

57.     The seizure of Plaintiff's liberty and the compelled participation in a void legal process constitute violations of the Fourth and Fourteenth Amendments. The violation is ongoing, as court records and school disciplinary documents continue to reflect a fabricated charge prosecuted through unconstitutional means.

58.     Plaintiff is entitled to compensatory damages for these harms, punitive damages against Defendant Lainey in her individual capacity, and all further relief this Court deems just and appropriate.

**COUNT III**
**42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**
*(Against Deputy Alexis Lainey in her individual capacity and Hawkins County)*

59.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     On January 29, 2024, Defendant Alexis Lainey, while acting under color of law and in the course of her duties as a School Resource Officer, initiated a legal proceeding against Plaintiff R.M. by fabricating and issuing a citation alleging a violation of T.C.A. § 39-17-1505.

61.     The statute in question concerns civil regulatory violations related to the possession of vapor products and does not constitute a criminal, delinquent, or unruly offense under Tennessee law.

62.     Defendant Lainey, with no probable cause, no lawful charging authority, and no judicial oversight, initiated this legal process by unilaterally generating and distributing a citation through a non-judicial software platform, requiring R.M. to appear in Hawkins County Juvenile Court.

63. The citation issued was not a lawful judicial process. It was a self-authored and unauthorized document crafted outside the confines of Tennessee's juvenile procedure rules and was not approved by the Administrative Office of the Courts or any governing legal authority.

64. Lainey's actions initiated a judicial proceeding in a court that lacked subject matter jurisdiction, using a charge that could not legally be prosecuted in juvenile court, and doing so without a sworn petition, judicial finding, or supporting affidavit.

65. Lainey's decision to pursue the citation was made intentionally and maliciously. She acted with actual malice or, at a minimum, reckless disregard for the truth and for R.M.'s clearly established constitutional rights.

66. Lainey made no effort to determine whether the charge was legally enforceable or whether the court possessed jurisdiction. She failed to consult with legal counsel, her superiors, or judicial authorities and instead unilaterally commenced quasi-criminal proceedings under the false pretense of legal process.

67. The citation itself contained misleading or deceptive language implying that failure to appear would result in further court action — language which carried the imprimatur of judicial authority despite being issued through a fabricated process.

68. Defendant Hawkins County is liable under *Monell* for failing to properly train, supervise, or discipline Deputy Lainey and other officers regarding lawful charging procedures, the limits of juvenile court jurisdiction, and the proper scope of SRO authority in school-based enforcement matters.

69. Hawkins County knew or should have known that officers were issuing invalid citations and initiating court proceedings without judicial review, yet took no action to correct or prevent the unconstitutional pattern and practice of unlawful prosecutions.

70.     The proceeding initiated by Lainey terminated in R.M.'s favor. The citation was ultimately dismissed after counsel challenged the jurisdiction of the juvenile court and exposed the legal defects in the charge and the process by which it was brought.

71.     As a direct and proximate result of this malicious prosecution, Plaintiff suffered loss of liberty, emotional distress, reputational damage, psychological trauma, and ongoing legal and financial consequences, including the stigma of juvenile court involvement and record contamination.

72.     Plaintiff is entitled to compensatory damages for these constitutional injuries and punitive damages against Defendant Lainey in her individual capacity for her intentional misconduct.

**COUNT IV**
**42 U.S.C. § 1983**
**FAILURE TO TRAIN, SUPERVISE**
*(Against Hawkins County, Hawkins County Sheriff's Office, Hawkins County Board of Education, and Matt Hixson in his individual and official capacities)*

73.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     At all relevant times, Defendants Hawkins County, the Hawkins County Sheriff's Office, and the Hawkins County Board of Education were responsible for the hiring, training, supervision, and discipline of their respective employees, including Deputy Alexis Lainey and other School Resource Officers (SROs) assigned to public school campuses.

75.     Defendant Matt Hixson, as Director of Schools, had ultimate supervisory and policy-making authority over Hawkins County Schools, including the partnership between the school system and the Sheriff's Office regarding the role and conduct of SROs.

76. Defendants established, maintained, or permitted policies and customs that failed to train SROs on the proper constitutional and statutory limits of juvenile charging authority, particularly: a. That civil regulatory violations such as those under T.C.A. § 39-17-1505 are not prosecutable in juvenile court; b. That citations must be issued using legally approved AOC forms and with proper judicial oversight; c. That warrantless seizures and searches of students require individualized suspicion, probable cause, and legal process; d. That school-based law enforcement must respect heightened Fourth and Fourteenth Amendment protections applicable to minors.

77. Despite clear legal mandates, Defendants failed to implement any training or supervision protocols ensuring that officers did not issue citations for non-delinquent, non-unruly conduct, or compel student court appearances outside the bounds of lawful process.

78. Upon information and belief, prior to and following the January 29, 2024 incident, multiple complaints were made by students, families, or staff regarding inappropriate SRO conduct, excessive disciplinary intervention, and the misuse of school-based authority by Deputy Lainey and others.

79. Defendant Matt Hixson was directly informed of these concerns but refused to meet with families, investigate the complaints, or take any corrective action. His refusal to listen or act on these concerns constitutes deliberate indifference to a known risk of constitutional harm.

80. Defendant Hixson's inaction, and his refusal to initiate any internal inquiry or policy review regarding SRO misconduct, reflects a systemic breakdown in accountability and a reckless disregard for student constitutional rights.

81. The failures of training and supervision by the Sheriff's Office and the Board of Education allowed Lainey to fabricate citations, unlawfully seize students, and weaponize the juvenile court system — all under the auspices of official authority and without internal resistance.

82.   These failures were not isolated or negligent. bed through deliberate inaction, thereby satisfying the requirements of *Monell*.

83.   The municipal Defendants' policies, customs, or failure to act were the moving force behind the constitutional violations described in Counts I through III and caused direct harm to Plaintiff.

84.   As a direct and proximate result of these failures, Plaintiff was unlawfully seized, prosecuted through unauthorized legal process, and subjected to public embarrassment, reputational damage, emotional trauma, and judicial entanglement under color of law.

85.   Plaintiff is entitled to compensatory damages against Hawkins County and the Board of Education, and injunctive relief to prohibit future prosecutions under invalid citation practices. Plaintiff also seeks judgment against Matt Hixson in his individual capacity for his personal failure to intervene or act in the face of known, ongoing constitutional violations.

### COUNT V
### 42 U.S.C. § 1985
### CONSPIRACY TO VIOLATE CIVIL RIGHTS
*(Against Deputy Alexis Lainey, Hawkins County Sheriff's Office, Hawkins County, Hawkins County Board of Education, Matt Hixson and the State of Tennessee by and through the Third Judicial District Attorney General's Office)*

86.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.   Under 42 U.S.C. § 1985(3), it is unlawful for two or more persons to conspire for the purpose of depriving another of equal protection of the laws or of equal privileges and immunities under the law.

88.   On or about January 29, 2024, and in the weeks that followed, Defendants engaged in a concerted and coordinated effort to initiate legal proceedings against Plaintiff R.M. despite having no lawful authority to do so and with full knowledge that the statute allegedly violated was

a civil regulatory offense not subject to juvenile court jurisdiction. In the alternative, Defendants turned a blind eye to the practices and actions taken by its employees after having notice of the unlawful acts.

89.     Defendant Alexis Lainey initiated the citation and processed it through unofficial and unauthorized channels. The Sheriff's Office in conjunction with the Hawkins County Board of Education, Hawkins County and its chain of command allowed the actions resulting in a citation to move forward without lawful review, intervention, or correction.

90.     Upon information and belief, officials within the Third Judicial District Attorney General's Office reviewed the charge, accepted the citation as facially valid, and undertook to prosecute the matter through juvenile court process — despite clear statutory and constitutional limits prohibiting such action.

91.     The purpose and effect of the conspiracy was to create a false appearance of legal authority, compel Plaintiff into juvenile proceedings, and to use state power to enforce a statute through a forum and process that had no legal basis — depriving Plaintiff of due process, equal protection, and the right to be free from unlawful seizure.

92.     The Defendants, acting in concert, took overt steps in furtherance of this conspiracy, including: a. Creating a fabricated citation using unofficial software; b. Scheduling Plaintiff to appear before a court that had no jurisdiction; c. Prosecuting the citation without probable cause and without lawful authority; d. Failing to dismiss the citation even after being placed on notice of its legal defects; e. Permitting the continued use of similar citation tactics across other students and settings.

93.    The conspiracy described herein was motivated, at least in part, by an intent to suppress student rights, maintain a facade of SRO enforcement authority, and avoid public accountability for the misuse of juvenile court process.

94.    The actions taken in furtherance of this conspiracy resulted in the deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, including the right to liberty, bodily integrity, procedural due process, and freedom from unlawful prosecution.

95.    Plaintiff was injured as a result of this conspiracy. He was seized without cause, required to appear before a court lacking jurisdiction, and subjected to public stigma and emotional trauma through a process designed and carried out by state actors acting in tandem under color of law.

96.    Plaintiff is entitled to compensatory damages for the injuries caused by this unlawful conspiracy and punitive damages against Defendant Lainey in her individual capacity. Plaintiff also seeks declaratory and injunctive relief prohibiting the continued use of these tactics by the conspirators named herein.

## COUNT VI
## ABUSE OF PROCESS
*(Against Deputy Alexis Lainey, Hawkins County, Hawkins County Sheriff's Office, the Hawkins County Board of Education, Matt Hixson and the Third Judicial District Attorney General's Office)*

97.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.    Abuse of process under federal and Tennessee law occurs when legal process — once issued — is perverted to accomplish a result not legally authorized by the process, or for an ulterior purpose not contemplated by law.

99.    On January 29, 2024, Defendant Alexis Lainey initiated a legal process against Plaintiff by creating and issuing a citation purporting to charge a violation of T.C.A. § 39-17-1505, a civil regulatory offense that does not authorize prosecution in juvenile court.

100.    The citation was fabricated outside any valid judicial system — generated using law enforcement software, not approved by the Administrative Office of the Courts, and bearing no lawful judicial authority — yet was made to appear official and coercive in nature.

101.    Lainey issued this document knowing it would trigger a juvenile court proceeding, compel Plaintiff's appearance, and expose him to reputational, legal, and emotional harm — all without a shred of jurisdictional authority or lawful cause.

102.    Defendants Hawkins County and its Sheriff's Office ratified and facilitated this abuse by allowing Lainey to utilize non-judicial citation tools to create official-appearing documents that carried unlawful force.

103.    The Hawkins County Board of Education and Defendant Matt Hixson failed to intervene or investigate complaints that SROs were abusing juvenile process to discipline or prosecute students through extrajudicial means.

104.    The District Attorney General's Office, acting on behalf of the State of Tennessee, continued to prosecute Plaintiff's citation even after being placed on notice that the court lacked jurisdiction and the citation was unauthorized. Its decision to proceed furthered the abuse of process and prolonged Plaintiff's injury.

105.    This was not merely the result of negligence or mistake. The citation and resulting proceedings were used to create the illusion of criminal wrongdoing, to control and intimidate students, and to reinforce school disciplinary power through extralegal court enforcement.

106.     The legal process — which should have protected Plaintiff — was converted into a weapon of state coercion, used without regard for its lawful limits, and for the improper purpose of manufacturing accountability where no crime existed.

107.     Plaintiff was harmed as a result of this abuse. He suffered fear, reputational harm, emotional distress, and was forced to appear in a legal proceeding that had no lawful basis, all as a result of the deliberate and unlawful misuse of state authority.

108.     Plaintiff is entitled to compensatory damages against all Defendants jointly and severally, and punitive damages against Defendant Lainey in her individual capacity for her intentional misconduct.

**COUNT VII**
**42 U.S.C. § 1983**
**VIOLATION OF EQUAL PROTECTION CLAUSE**
*(Against Hawkins County, the Hawkins County Sheriff's Office, and the Hawkins County Board of Education)*

109.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.     The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from enforcing laws in an arbitrary or irrational manner, and from subjecting individuals to unlawful treatment under the guise of uniform procedures.

111.     Hawkins County, its Sheriff's Office, and its Board of Education — through their agents and officers, including but not limited to Defendant Alexis Lainey — have implemented or allowed a policy, practice, or custom of systematically misusing juvenile court proceedings to prosecute civil regulatory infractions under T.C.A. § 39-17-1505.

112.     This misuse includes the county-wide issuance of unauthorized citation forms not approved by the Administrative Office of the Courts, the mass referral of students to juvenile court

without legal jurisdiction, and the deliberate presentation of these regulatory citations as enforceable criminal processes.

113. Rather than responding to youth vaping incidents with civil enforcement mechanisms or in-school discipline, Defendants institutionalized an unconstitutional practice of dragging students into juvenile courtrooms under threat of state authority, using extra-legal documentation and unlawful procedures.

114. This uniform but legally invalid practice treats all charged students — including R.M. — as though they committed delinquent or criminal offenses, and exposes them to the stigma, procedural burdens, and legal consequences of juvenile adjudication without any statutory foundation.

115. The Equal Protection Clause prohibits government from applying facially neutral rules in a way that irrationally burdens a particular class — here, school-age minors — through processes not authorized by law.

116. Defendants knew or should have known that juvenile courts lack jurisdiction over T.C.A. § 39-17-1505; that civil citations must be issued using court-approved forms; and that prosecutors and SROs may not lawfully initiate judicial process outside constitutional channels.

117. Instead of correcting this mass abuse, Defendant Matt Hixson and the Board of Education facilitated the continuation of this policy by refusing to investigate complaints, ignoring warnings from parents and counsel, and allowing SROs to operate as unchecked quasi-judicial enforcers.

118. The systemic and widespread application of these unauthorized processes to R.M. and other similarly situated students was arbitrary, unlawful, and devoid of any rational basis — violating both the letter and spirit of equal protection guarantees.

119. As a direct and proximate result of this unconstitutional system, Plaintiff suffered emotional trauma, reputational damage, deprivation of rights, and was subjected to illegitimate legal process under color of law.

120. Plaintiff is entitled to compensatory damages, declaratory and injunctive relief against the offending policies, and punitive damages against those responsible for implementing or maintaining this unlawful framework.

**COUNT VIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
*(Against Deputy Alexis Lainey in her individual capacity, Hawkins County, and the*
*Hawkins County Board of Education)*

121. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

122. Under Tennessee law, a claim for intentional infliction of emotional distress (IIED), also referred to as "outrage," requires that the defendant's conduct: (1) be intentional or reckless, (2) be so outrageous that it is not tolerated by civilized society, and (3) result in serious emotional injury.

123. Defendant Alexis Lainey's actions in fabricating a court citation, falsely labeling Plaintiff a legal offender, and forcing him to appear before a court that had no jurisdiction — all while knowing the statute in question was not criminal or prosecutable in juvenile court — were intentional, outrageous, and calculated to cause harm.

124. Lainey's conduct occurred in a custodial setting, where R.M., a minor, was uniquely vulnerable and subjected to the psychological weight of law enforcement intervention on school grounds.

125.    Defendant Lainey presented the fabricated citation as though it were official court process, requiring R.M.'s appearance and threatening him with undefined legal consequences. She did so without judicial authority, without statutory basis, and without supervision or legal approval.

126.    These actions were not isolated or rogue. They were part of a widespread county-wide practice in which Hawkins County and the Board of Education allowed SROs to serve as proxy prosecutors — fabricating citations, circumventing legal safeguards, and funneling students into juvenile court without lawful cause.

127.    Complaints were raised about this practice. Defendant Matt Hixson and other school officials were placed on notice but refused to intervene or halt the unconstitutional treatment of students, including R.M.

128.    The cumulative impact of being unlawfully charged, compelled into court, and publicly labeled as a juvenile offender — in a proceeding that never had legal authority — caused Plaintiff to suffer severe emotional distress, anxiety, humiliation, and ongoing psychological harm.

129.    This emotional trauma was foreseeable, avoidable, and inflicted with indifference to Plaintiff's constitutional rights and personal dignity.

130.    The conduct of Defendants was so outrageous as to exceed all bounds of decency tolerated in a civilized society and was undertaken with conscious disregard for the well-being of a child.

131.    Plaintiff is entitled to compensatory damages for the emotional and psychological injuries suffered as a result of Defendants' misconduct, as well as punitive damages against Defendant Lainey in her individual capacity.

## COUNT IX
## MALICIOUS PROSECUTION

*(Against Deputy Alexis Lainey in her individual capacity, Hawkins County, Hawkins County Board of Education and Matt Hixson)*

132.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

133.    Under Tennessee law, the elements of malicious prosecution are: (1) the initiation of a prior suit or judicial proceeding without probable cause, (2) with malice, and (3) that terminated in the plaintiff's favor.

134.    On January 29, 2024, Defendant Alexis Lainey initiated a judicial proceeding against Plaintiff R.M. by fabricating and issuing a citation under T.C.A. § 39-17-1505, falsely alleging that R.M. was in possession of a vapor product on school grounds.

135.    Lainey lacked probable cause to support the charge. The object alleged to have been in R.M.'s possession was, in fact, labeled in her own evidence logs as belonging to another student. Despite this, she knowingly and falsely identified the item as R.M.'s — a material misrepresentation of fact.

136.    Upon information and belief, Lainey either authored or adopted written statements under oath that misrepresented the source of the seized item, effectively **committing perjury** in order to support the issuance of an unlawful citation.

137.    Additionally, Lainey failed to adhere to basic evidence-handling procedures, including: a. Misidentification of the property involved; b. Lack of a proper chain of custody; c. Failure to properly document the seizure or ownership of the item; d. Storing or logging the evidence under the wrong student's name, then altering or falsely reporting it for purposes of prosecution.

138.    These acts were carried out with actual malice and a reckless disregard for the truth, all for the purpose of exerting school-based control and institutional authority over R.M. through fear and coercive court proceedings.

139.    The citation and prosecution were undertaken despite the fact that T.C.A. § 39-17-1505 is a civil regulatory statute, not a delinquent offense. At no time did Lainey consult with a judicial officer, obtain a sworn juvenile petition, or follow approved legal process.

140.    The matter was ultimately dismissed following a defense motion identifying the lack of juvenile court jurisdiction and the procedural irregularities associated with the charge. The outcome constitutes a favorable termination on the merits.

141.    As a direct and proximate result of this malicious prosecution, Plaintiff suffered emotional distress, reputational harm, and other damages flowing from being falsely accused, unlawfully summoned to court, and publicly labeled as a juvenile offender.

142.    Plaintiff is entitled to recover compensatory damages under Tennessee law, as well as punitive damages against Defendant Lainey in her individual capacity due to the intentional and dishonest nature of her conduct.

## COUNT X
## ASSAULT AND BATTERY
*(Against Deputy Alexis Lainey in her individual capacity and Hawkins County)*

143.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

144.    Under Tennessee law, assault is the intentional creation of a reasonable apprehension of imminent bodily harm, and battery is the intentional and unauthorized touching of another in an offensive or harmful manner.

145.	On January 29, 2024, Defendant Alexis Lainey, acting under color of law and within the scope of her employment with the Hawkins County Sheriff's Office, intentionally made physical contact with Plaintiff R.M., a minor, during the unlawful issuance of the fabricated citation described herein.

146.	The contact occurred in a custodial school environment, where R.M. was not free to leave or resist, and where the power imbalance between a law enforcement officer and a minor student left Plaintiff vulnerable to coercive and intimidating conduct.

147.	Upon information and belief, Lainey touched Plaintiff's person, bookbag, or clothing in the course of purportedly searching him or confiscating items without probable cause, a warrant, or parental notification, in violation of both federal and state law.

148.	This physical intrusion was neither consented to by Plaintiff nor authorized under any valid legal theory. No lawful arrest, detention, or search had been initiated under Tennessee law, and Lainey was not acting pursuant to any judicial directive or school disciplinary policy.

149.	The physical contact — occurring in tandem with verbal accusations, the fabrication of charges, and the creation of an illegal court citation — compounded the psychological distress suffered by Plaintiff and constituted an offensive and unauthorized touching under Tennessee law.

150.	Plaintiff reasonably feared further harm or escalation, and experienced emotional trauma, confusion, and humiliation as a result of being physically confronted and falsely accused by a uniformed officer in front of school peers and personnel.

151.	The acts described herein were undertaken willfully and maliciously by Defendant Lainey, with reckless disregard for Plaintiff's rights and with the intent to intimidate and control through physical force.

152.    As a direct and proximate result of this unlawful conduct, Plaintiff suffered physical contact that was offensive and unauthorized, as well as mental anguish, emotional distress, reputational harm, and loss of dignity.

153.    Plaintiff is entitled to compensatory damages under Tennessee common law and punitive damages against Defendant Lainey in her individual capacity for the willful and egregious nature of her conduct.

## COUNT XI
## TRESPASS TO CHATTEL
*(Against Deputy Alexis Lainey in her individual capacity, Hawkins County, Hawkins County Board of Education and Matt Hixson)*

154.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

155.    Under Tennessee law, a trespass to chattel occurs when a person intentionally uses or interferes with the personal property of another without authorization, resulting in dispossession, damage, or deprivation of use.

156.    On January 29, 2024, Defendant Alexis Lainey, acting under color of law, seized, handled, or interfered with personal items in R.M.'s possession, including but not limited to his bookbag, electronic devices, or items stored on his person or within his belongings.

157.    This interference occurred without probable cause, without a warrant, without valid consent, and outside the scope of any authorized search policy applicable to SROs or public school officials under Tennessee or federal law.

158.    Among the items manipulated by Lainey was an object (allegedly a vapor product) that did not belong to R.M. and was, according to Lainey's own evidence logs, labeled as belonging to another individual.

159.    Despite this clear evidentiary contradiction, Lainey falsely attributed the item to R.M., seized it as though it were contraband, and presented it as the foundation of a citation intended to compel court process.

160.    The seizure and manipulation of R.M.'s property constituted an unauthorized and unlawful trespass to chattel, as Lainey had no legal authority to interfere with or confiscate the items in question.

161.    Defendant Lainey's conduct deprived R.M. of the use and control of his property, caused him embarrassment and reputational harm by suggesting the property was contraband, and led to further legal consequences based on a knowingly false evidentiary attribution.

162.    These acts were undertaken intentionally, maliciously, and with complete disregard for Plaintiff's property rights and personal integrity and with knowledge to the Defendants.

163.    As a direct and proximate result, Plaintiff suffered harm including loss of property, reputational injury, emotional distress, and exposure to unlawful judicial process initiated on the basis of tampered or misrepresented evidence.

164.    Plaintiff is entitled to compensatory damages under Tennessee law and punitive damages against Defendant Lainey in her individual capacity for her intentional and unauthorized handling of Plaintiff's personal belongings.

**COUNT XII**
**INVASION OF PRIVACY**
*(Against Deputy Alexis Lainey in her individual capacity)*

165.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

166. Under Tennessee law, invasion of privacy includes the public disclosure of private facts and the wrongful intrusion upon an individual's seclusion or personal affairs in a manner that would be highly offensive to a reasonable person.

167. On January 29, 2024, Defendant Alexis Lainey intruded upon Plaintiff's personal space and effects, including the search and seizure of his belongings, without consent, probable cause, or valid school-based exception under Tennessee or federal law.

168. Lainey accessed Plaintiff's property, allegedly seized an object later labeled as contraband, and falsely attributed that item to Plaintiff despite her own records showing it belonged to someone else.

169. Lainey then disclosed these false allegations to third parties, including school officials, court personnel, and members of the public, all in furtherance of initiating an unlawful court proceeding against Plaintiff for conduct he did not commit.

170. The disclosure of these false and private allegations — especially involving contraband in a school setting — constituted a serious violation of Plaintiff's right to privacy, particularly given his age, vulnerability, and the custodial context in which the allegations arose.

171. Plaintiff was never convicted, cited properly, or lawfully adjudicated for any offense, yet Lainey's public actions and records portrayed him as a juvenile offender associated with criminal conduct, resulting in damage to his personal reputation and emotional well-being.

172. These disclosures were not justified by any legitimate law enforcement interest. The court proceedings themselves were void due to lack of jurisdiction, and the citation that triggered those proceedings was generated outside lawful process.

173.    Defendant Lainey's actions in accessing Plaintiff's personal belongings, misrepresenting the ownership of property, and publicizing these false charges were done intentionally, maliciously, and without regard for Plaintiff's constitutional or common law rights.

174.    As a direct and proximate result of this invasion of privacy, Plaintiff suffered embarrassment, reputational harm, emotional trauma, and continued anxiety associated with being publicly mischaracterized as a wrongdoer.

175.    Plaintiff is entitled to compensatory damages for this injury and punitive damages against Defendant Lainey in her individual capacity.

**COUNT XIII**
**INVASION OF PRIVACY**
**(INSTITUTIONAL FAILURE TO PROTECT STUDENT RIGHTS)**
*(Against Hawkins County, Matt Hixson and the Hawkins County Board of Education)*

176.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

177.    Tennessee common law recognizes a cause of action for invasion of privacy where there is a wrongful intrusion into one's private affairs or the public disclosure of private facts, especially where the affected individual is a minor.

178.    On January 29, 2024, Plaintiff R.M., a minor at the time, was subjected to an unlawful and deeply intrusive search and seizure of his personal belongings by Deputy Alexis Lainey, an SRO assigned to his school by the Hawkins County Sheriff's Office in cooperation with the Hawkins County Board of Education.

179.    The incident resulted in the false attribution of contraband to Plaintiff, its documentation in school and law enforcement records, and its dissemination to court personnel and other third parties — all based on information that was patently false, known to be false, and not lawfully obtained.

180. At the time of these events, the Board of Education and Hawkins County had no meaningful policy, oversight structure, or training mechanism in place to limit, supervise, or regulate the privacy-invasive conduct of School Resource Officers acting within school buildings.

181. There were no adequate safeguards to ensure: a. That SROs complied with the Family Educational Rights and Privacy Act (FERPA); b. That officers distinguished between school discipline and criminal investigation; c. That student records or allegations were not disseminated publicly without legal cause or due process; d. That property searches were based on valid constitutional standards, including probable cause or individualized suspicion.

182. Hawkins County and the Board of Education failed to adopt or enforce policies that would have prevented SROs from conducting searches, seizing student property, and issuing public allegations without valid legal process, thereby exposing students to reputational harm, emotional distress, and privacy invasions.

183. The false identification of contraband as belonging to Plaintiff, despite evidence logs showing otherwise, and the subsequent disclosure of those accusations in court proceedings, created a public narrative that R.M. had engaged in misconduct — a narrative that was false, avoidable, and directly attributable to institutional failure.

184. The institutional indifference of Hawkins County and its Board of Education to the known risk of SRO abuse, including their refusal to respond to prior complaints, emboldened the very conduct that caused Plaintiff's injuries.

185. As a direct and proximate result of this institutional failure, Plaintiff suffered an unlawful intrusion into his personal affairs, false public allegations of criminal behavior, reputational damage, and emotional trauma — all without any legal basis or lawful adjudication.

186.     Plaintiff is entitled to compensatory damages for the harms sustained and to injunctive and declaratory relief to prevent future misuse of school and law enforcement authority in violation of student privacy rights.

## COUNT XIV
### 42 U.S.C. § 1983
### MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE ON STUDENT CONSTITUTIONAL RIGHTS
*(Against Hawkins County, the Hawkins County Board of Education and Matt Hixson)*

187.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

188.     At all relevant times, Hawkins County, the Hawkins County Board of Education and Matt Hixson acted under color of state law through their elected officials, administrators, policy-makers, and law enforcement officers, including school administrators and SROs.

189.     Hawkins County, through its Sheriff's Office, and the Board of Education, through its school leadership and policies, jointly implemented, permitted, or failed to regulate the operations of School Resource Officers (SROs) within public school campuses.

190.     The County and the Board were each responsible for the recruitment, placement, supervision, and conduct of SROs in educational environments and jointly responsible for protecting the constitutional rights of students, including Plaintiff.

191.     Despite their clear constitutional duties, Defendants failed to implement or enforce basic training, oversight, or accountability mechanisms addressing how SROs interact with minors in school settings — including standards governing searches, seizures, privacy, citation issuance, juvenile court referrals, and use of law enforcement authority for school-based infractions.

192.     Prior to January 29, 2024, Defendants were on notice that SROs in Hawkins County, including Defendant Lainey, were using unauthorized citation forms, issuing pseudo-

judicial documents to students, initiating juvenile court process without legal authority, and routinely bypassing legal procedures mandated under Tennessee law.

193. Complaints were made to school officials and administrators, including Director Matt Hixson, regarding the use of fabricated citations, the misuse of juvenile court, the coercive presence of law enforcement in schools, and the targeting of minors for conduct not criminal under Tennessee law.

194. Defendant Hixson and the Board of Education ignored these warnings. Hixson personally refused to meet with concerned parents, failed to investigate SRO misconduct, and declined to implement policy changes or training designed to prevent ongoing constitutional violations.

195. Likewise, Hawkins County failed to provide SROs with training regarding: a. The limited jurisdiction of juvenile courts; b. The difference between school discipline and criminal process; c. The legal requirements for search, seizure, and evidence handling in school settings; d. The constitutional limitations on charging minors with civil regulatory violations in criminal or quasi-criminal forums.

196. The County and the Board failed to implement any disciplinary process, data collection, internal audit, or supervisory review for citations issued by SROs. There was no review mechanism to confirm whether citations were lawfully issued or whether juvenile court referrals were supported by probable cause or legal authority.

197. These failures were not the result of isolated oversight. They reflect a sustained and systemic indifference to the constitutional rights of students across Hawkins County, and a conscious decision to allow law enforcement officers to act without restraint in educational environments.

198.    As a direct result of these policies, practices, and failures to train or supervise, Plaintiff was: a. Illegally searched; b. Unlawfully seized; c. Falsely accused of possessing contraband; d. Issued a fabricated citation through extra-legal process; e. Compelled to appear before a court lacking jurisdiction; f. Subjected to reputational harm, trauma, and stigmatization.

199.    The constitutional violations suffered by Plaintiff were not the result of a rogue actor but were the predictable and foreseeable consequence of a policy vacuum — one that authorized SROs to function as quasi-judicial agents, absent any legal constraint, and without the training necessary to distinguish lawful from unlawful conduct.

200.    These systemic failures constitute official policy under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and were the moving force behind the violations of Plaintiff's Fourth and Fourteenth Amendment rights.

201.    Plaintiff is entitled to compensatory damages for the harms sustained, declaratory and injunctive relief mandating institutional reform, and all other relief this Court deems just and appropriate.

### COUNT XV
### NEGLIGENT SUPERVISION AND RETENTION
*(Against Hawkins County, the Hawkins County Board of Education, and Matt Hixson in his individual and official capacities)*

202.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

203.    Under Tennessee law, an employer or supervisory authority may be held liable for negligent supervision and retention where it knew or should have known that an employee posed an unreasonable risk of harm to others and failed to take reasonable corrective action.

204. At all relevant times, Defendants Hawkins County and the Hawkins County Board of Education were responsible for the hiring, placement, supervision, and continued employment of School Resource Officer Alexis Lainey in the Hawkins County School System.

205. Defendant Matt Hixson, in both his individual and official capacities as Director of Schools, exercised supervisory authority over school-based law enforcement coordination, was responsible for interagency policies and communication with the Sheriff's Office, and had the power to request the reassignment, retraining, or removal of SROs under his administrative purview.

206. Prior to the January 29, 2024 incident involving Plaintiff, multiple complaints and concerns had been raised to Hawkins County school officials regarding the conduct of SROs — specifically including the unauthorized use of citations, the misuse of juvenile court process, improper searches, and disrespectful or aggressive treatment of students.

207. Defendant Hixson personally received or was made aware of these complaints. Despite having both notice and authority, he refused to meet with parents or guardians, refused to investigate the complaints, and took no action to evaluate the legality or constitutionality of the SRO practices occurring on school grounds.

208. Hixson's willful inaction and refusal to exercise even minimal oversight over law enforcement practices occurring in Hawkins County schools directly contributed to the harm inflicted upon Plaintiff, and constituted a breach of his personal and professional duty to safeguard students under his care.

209. Hawkins County and the Board of Education likewise failed to: a. Establish protocols for reviewing SRO conduct; b. Evaluate the legal basis for citations issued in school

settings; c. Audit court referrals or complaints tied to SROs; d. Remove, retrain, or discipline SROs whose conduct generated legal or community concerns.

210.    Defendants knew or should have known that Deputy Lainey, and possibly other SROs, were: a. Fabricating or issuing unauthorized legal documents; b. Initiating court proceedings without jurisdiction; c. Mishandling or misattributing evidence; d. Falsely accusing students and subjecting them to reputational and emotional injury.

211.    Despite this knowledge, no remedial action was taken. Defendants retained and allowed Lainey to continue her duties without discipline, retraining, or additional oversight.

212.    As a direct and proximate result of Defendants' negligent supervision and retention of Lainey, Plaintiff suffered unlawful seizure, malicious prosecution, reputational harm, and significant emotional distress — all of which were foreseeable and preventable.

213.    Plaintiff is entitled to compensatory damages for these injuries under Tennessee common law, as well as all other relief this Court deems just and appropriate. Defendant Hixson is individually liable for his personal failure to act upon known and ongoing violations.

### COUNT XVI
### 42 U.S.C. § 1983
### RATIFICATION OF UNCONSTITUTIONAL CONDUCT
*(Against Hawkins County, the Hawkins County Board of Education, and Matt Hixson in his official and individual capacities)*

214.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

215.    Under 42 U.S.C. § 1983 and governing case law, a municipality, board, or policy-making official may be held liable where a subordinate's unconstitutional conduct is ratified by an authorized decisionmaker or governing body.

216.    On January 29, 2024, Deputy Alexis Lainey issued a fabricated and unauthorized citation to Plaintiff R.M., initiating juvenile court proceedings without probable cause, legal authority, or jurisdiction. This citation was false, procedurally void, and supported by perjured evidence.

217.    Following this unlawful act, multiple supervisory entities — including the Hawkins County Sheriff's Office, Hawkins County government, the Board of Education, and Director Matt Hixson — were placed on notice of Lainey's misconduct and the illegality of the process.

218.    Rather than investigating, disciplining, or correcting the unlawful conduct, each Defendant named in this count ratified the violation through inaction, public support, continued employment of Lainey without sanction, and continuation of the same citation practices county-wide.

219.    Defendant Hixson, when informed of multiple complaints about SRO abuse of authority, specifically refused to meet with parents, declined to open a review, and took no meaningful steps to halt the recurring misuse of juvenile process for non-delinquent regulatory infractions.

220.    Hawkins County, through its Sheriff's Office and legal counsel, also failed to review or retract the fabricated citation, and permitted Lainey to appear as a complaining officer in court despite the glaring jurisdictional defects and evidentiary misrepresentations.

221.    These decisions — made with full awareness of the unconstitutional nature of the citation, the lack of jurisdiction, the misuse of evidence, and the injury to R.M. — constitute ratification of the underlying unlawful conduct.

222. Moreover, Hawkins County and the Board of Education continued to allow the use of unofficial citation forms, improper court referrals, and unsupervised SRO authority in schools long after they became aware of the harms caused.

223. Ratification occurred not only through passive inaction but also through deliberate continuation of policy and refusal to reform. These affirmative choices ensured the survival and institutionalization of the very misconduct that harmed Plaintiff.

224. The ratification by these government entities and officials was the moving force behind the constitutional injuries described in this Complaint, including violations of Plaintiff's Fourth and Fourteenth Amendment rights.

225. Plaintiff is entitled to compensatory damages from Hawkins County and the Board of Education, as well as declaratory relief to prohibit future reliance on citation practices and referral processes that lack judicial approval and legal validity.

### COUNT XVII
### DECLARATORY AND INJUNCTIVE RELIEF
*(Against the State of Tennessee, by and through the Office of the Attorney General d/b/a the Third Judicial District Attorney General's Office, and Hawkins County)*

226. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

227. An actual and ongoing controversy exists between Plaintiff and the named Defendants regarding the institutionalized misuse of juvenile court process in Hawkins County, Tennessee — a practice that has repeatedly violated the Fourth and Fourteenth Amendment rights of schoolchildren under color of law.

228. Specifically, Hawkins County, in concert with its Sheriff's Office, Board of

Education, and District Attorney General's Office, has weaponized a civil regulatory statute — Tennessee Code Annotated § 39-17-1505 — to function as a criminal prosecution scheme outside the boundaries of the Tennessee Code and the U.S. Constitution.

229.     T.C.A. § 39-17-1505 is part of the "Prevention of Youth Access to Tobacco, Smoking Hemp, and Vapor Products Act." The statute is regulatory in nature and carries only civil penalties, such as nominal fines or community service. It does not create a delinquent offense, unruly conduct, or a criminal charge.

230.     By law, juvenile court jurisdiction in Tennessee is limited to delinquent and unruly acts. See T.C.A. § 37-1-103(a)(1). Delinquent acts are defined as conduct that would constitute a crime if committed by an adult. See T.C.A. § 37-1-102(b)(9). Unruly acts are narrowly defined and include specific conduct such as habitual truancy or repeated defiance of lawful parental authority. See T.C.A. § 37-1-102(b)(23).

231.     Even if a violation of T.C.A. § 39-17-1505 were categorized under T.C.A. § 37-1-102(b)(23)(C) as an offense "applicable only to a child," it would still not qualify as an "unruly act" absent habitual or repetitive conduct. The statutory definition requires that such behavior be persistent — not isolated, incidental, or one-time. A single alleged possession of a vape product by a student — without evidence of repeated defiance or habitual behavior — cannot support juvenile court jurisdiction under Tennessee law.

232.     Nonetheless, for years, Hawkins County law enforcement officers — particularly School Resource Officers — have issued phony citations under this statute, directing minors to appear in juvenile court under penalty of further action. These citations are not approved by the Administrative Office of the Courts. They do not originate from a judge or magistrate. They

are created through law enforcement software, and deliberately made to appear as binding judicial documents.

233. These citations are a legal fiction. They lack any constitutional foundation. Yet they have been used to drag children into courtrooms, brand them as juvenile offenders, and subject them to court supervision — all without legal process, probable cause, or judicial review.

234. Even worse, the Third Judicial District Attorney General's Office has participated in this charade, appearing as the prosecuting party in juvenile court proceedings to "represent the State" in matters they are legally barred from handling.

235. Under Tennessee law, District Attorneys are not authorized to prosecute civil regulatory infractions in juvenile court. Their authority is governed by T.C.A. § 8-7-103, which limits their role to criminal prosecutions. Civil tobacco enforcement is not listed under any provision of Title 8, Title 37, or Title 39 granting such authority.

236. The Attorney General's Office — which oversees the District Attorneys — has done nothing to stop this practice, despite clear constitutional and statutory violations. In doing so, the State has ratified a regime in which civil law is used as a substitute for criminal prosecution, and juvenile court is used as a punitive mechanism against children for non-criminal behavior.

237. The misuse of court process in this way causes irreparable harm. Children, many of whom are from vulnerable or disadvantaged backgrounds, are forced to appear in a courtroom, often with their parents, under threat of escalating court involvement. They are branded as lawbreakers, stigmatized in school, and burdened with records that have no legal legitimacy but carry all the weight of real judicial intervention.

238. The psychological damage inflicted by this practice is profound. These are not petty citations. They are state-manufactured convictions in all but name — issued by rogue law

enforcement, rubber-stamped by complicit institutions, and prosecuted by government officials with no legal authority to be in the courtroom at all.

239.    Plaintiff was one of many students subjected to this process. But his case has now become a referendum on this entire system.

240.    Plaintiff seeks a declaration from this Court that:

a. Juvenile courts in Tennessee have no jurisdiction to adjudicate violations of T.C.A. § 39-17-1505;

b. The use of unauthorized, non-AOC citation forms by law enforcement to compel court appearances is unconstitutional and void;

c. The Third Judicial District Attorney General's Office has no lawful authority to prosecute these matters;

d. The policies and practices of Hawkins County and its agents violate the Fourth and Fourteenth Amendments to the United States Constitution.

241.    Plaintiff further seeks a permanent injunction prohibiting:

a. The State of Tennessee, through the Office of the Attorney General and the Third Judicial District Attorney General, from initiating or participating in any prosecution of T.C.A. § 39-17-1505 violations in juvenile court;

b. Hawkins County, the Sheriff's Office, and all affiliated law enforcement from issuing or enforcing citations for § 39-17-1505 through juvenile court process;

c. The continued use of unauthorized citation templates that mimic judicial process but lack legal foundation;

d. The Board of Education from allowing law enforcement agents to engage in quasi-judicial enforcement or prosecution of students without statutory or constitutional authority.

242.    The practices challenged in this Complaint amount to a systemic abuse of state power, directed at children, in defiance of statute, rule, and constitutional limitation. No legitimate state interest can justify continuing this farce.

243.    This Court has the power — and the duty — to declare these acts unlawful, to enjoin their continuation, and to ensure that the civil regulatory code is no longer perverted into a punitive criminal mechanism wielded against children under the guise of school discipline.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff R.M. respectfully requests that this Honorable Court enter judgment in his favor and grant the following relief:

A.    Compensatory Damages in an amount not less than One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) for the physical, emotional, psychological, reputational, and legal harm Plaintiff suffered as a result of the unlawful actions described herein;

B.    Punitive Damages not less than ($2,000,000.00) against all named Defendants in for their willful, malicious, and constitutionally egregious conduct carried out under color of law;

C.    Declaratory Relief pursuant to 28 U.S.C. § 2201, including a judicial declaration that:

1.    Juvenile courts in Tennessee lack jurisdiction over T.C.A. § 39-17-1505 violations;

2.    The use of non-judicial, non-AOC-approved citations to compel juvenile court appearances is unconstitutional;

3.    The Third Judicial District Attorney General's Office lacks legal authority to prosecute regulatory infractions in juvenile court;

4.      The policies and practices of Hawkins County, its Sheriff's Office, and the Hawkins County Board of Education violate the Fourth and Fourteenth Amendments to the United States Constitution;

D. Permanent Injunctive Relief prohibiting:

1.      The issuance or prosecution of juvenile court citations under T.C.A. § 39-17-1505 by law enforcement or the Third Judicial District Attorney General;

2.      The continued use of unauthorized citation forms created outside the Administrative Office of the Courts;

3.      The referral of students to juvenile court under statutory provisions not designated as delinquent or unruly conduct;

4.      Any and all future use of court process or prosecutorial involvement in regulatory enforcement actions falling outside the juvenile court's lawful jurisdiction;

E. Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of federal or state law;

F. Pre- and Post-Judgment Interest as permitted by law;

G. Any such other relief as this Court deems just and equitable to fully remedy the wrongs suffered by Plaintiff and to prevent their recurrence in the future.

F. That a jury be impaneled to try this case.

**THE BOWLIN LAW FIRM P.C.**

By:     / s / Troy L. Bowlin II          *for The Firm*
        Troy L. Bowlin, II No. 025893
        *Attorney for Plaintiff*
        2042 Town Center Blvd. Suite 364
        Knoxville, Tennessee 37922
        Telephone: 865.245.2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing was transmitted for service via Pacer and the Court's Electronic Court Filing System to counsel for all parties. Other parties will be served via United States Postal Service postage prepaid.

This the 2nd day of **October**, 2025.

**THE BOWLIN LAW FIRM P.C.**

By: <u>/ s / Troy L. Bowlin II</u> *for The Firm*
Troy L. Bowlin, II No. 025893
*Attorney for Plaintiff*